IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NELLER J. JOHNSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. H-11-2748 |
| | § | |
| MICHAEL ASTRUE, COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | § § § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Before the Court[1] in this social security appeal is Plaintiff's Motion for Summary Judgment (Document No. 13) and Brief in Support (Document No. 17), and Defendant's cross Motion for Summary Judgment and Memorandum in Support (Document Nos. 16 & 17). After considering the cross motions for summary judgment and briefing, the administrative record, the written decision(s) of the Administrative Law Judge and the Appeals Council, and the applicable law, the Court ORDERS, for the reasons set forth below, that Plaintiff's Motion for Summary Judgment is GRANTED, Defendant's Motion for Summary Judgment is DENIED, and this proceeding is REMANDED for further proceedings.

---

[1] On May 16, 2012, pursuant to the parties' consent, this case was transferred by the District Judge to the undersigned Magistrate Judge for all further proceedings. *See* Document No. 20.

**I.     Introduction**

Plaintiff Neller J. Johnson ("Johnson") brings this action pursuant to Section 205(g) of the Social Security Act ("Act"), 42 U.S.C. § 405(g), seeking judicial review of an adverse final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for divorced widow's benefits under Title II of the Act, 42 U.S.C. §§ 402(e), 416. Johnson argues that substantial evidence does not support the Administrative Law Judge's ("ALJ") decision and that the ALJ erred because he relied on evidence that was not in the record, namely, a 1997 early retirement application filed by her divorced deceased spouse (William Coleman), for his determination that Johnson and Coleman were not married for the requisite ten years for purposes of entitlement to surviving divorced spouse benefits. The Commissioner, in contrast, argues that there is substantial evidence in the record to support the Commissioner's decision, and that it was Johnson's burden, which she didn't meet, to establish that she and William Coleman were married the requisite ten years.

**II.    Administrative Proceedings**

On March 30, 1997, Johnson applied for divorced widow's benefits on the record of deceased wage earner William Coleman, Jr. (Tr. 30-32). The Social Security Administration denied her application at the initial and reconsideration stages. (Tr. 43-49). After that, Johnson requested a hearing before an ALJ. The Social Security Administration granted her request and the ALJ, Adolfo J. Vila, held a hearing on June 1, 2009, at which Johnson's claims were considered *de novo*. (Tr. 103-151). On July 2, 2009, the ALJ issued his decision finding Johnson not entitled to surviving divorced widow's benefits. (Tr. 26-29). In so doing, the ALJ wrote:

2

## Summary and Evaluation of the Evidence

At the hearing claimant testified that she initially met William Coleman, the deceased wage [earner] early in 1958. They started dating. They were both single. They lived together in a house on New Orleans Street that he rented. He paid all the expenses. They were married by a minister on December 25, 1959 in Houston, Texas. Claimant stated that she and Mr. Coleman had 2 children together. The oldest was born in 1961 and the second child was born in 1962. She stated that when the second child was born that they were still living together. She stated that they separated in 1964 or 1965. They started having problems and she moved back to Giddings, Texas along with her two daughters. Claimant reported that she got a legal divorce in February 1969. Mr. Coleman remarried after the divorce. Claimant stated that she remarried in 1972. Claimant reported that she did not have any other proof that she was married to Mr. Coleman. She stated that she remarried twice and at the time of the hearing was still married to John Johnson. Claimant reported that when the wage-earner died she attended his funeral. She stated that she did not receive any of his property after his death. She does not know if he left a will. Claimant stated that she does not have any pictures of Mr. Coleman and the children because they never took pictures. Claimant also reported that Mr. Coleman remarried prior to her remarriage. She reported that Mr. Coleman's second wife died.

Claimant's representative stated that although claimant was entitled to divorced wife's benefits for years[,] she did not file until 2007. Claimant reported that she filed for divorced widow's benefits after her daughter told her to.

The claimant previously reported that she was not sure of the exact date in February 1959 that she and Mr. Coleman began living together as husband and wife. There is proof that they were divorced on February 24, 1969. One of the requirements for entitlement to divorced widow's benefits is that you must be married to the wage earner for 10 years; based on the date of claimant's divorce in order to meet this requirement she would have to have married him on February 24, 1959 or earlier. Claimant reported that she was not sure if this was the case. Also, claimant has not submitted written evidence to prove that she was married at least 10 years. In fact, claimant has not submitted any written evidence that she was ever common-law married.

Further when Mr. Coleman applied for retirement benefits in 1997 he stated that he married Mahalia Parker on January 6, 1970 and that he married you prior to his marriage to Ms. Parker. He stated "I was married to my first wife less than 10 years". He further indicated on the application that the type of marriage to the claimant was ceremonial.

As noted above one of the requirements for a common-law marriage is that there was a mutual agreement that the two parties are husband and wife. Mr. Coleman did not believe he was common-law married to claimant nor did he believe that they were married for at least ten years.

Claimant also submitted a statement regarding marriage from a friend who was unrelated to claimant and Mr. Coleman who stated that she believed claimant and Mr. Coleman lived together as husband and wife from 1958 until 1969.

Claimant's brother stated that he believed that claimant and Mr. Coleman lived together as husband and wife from 1958 until 1969.

Claimant has failed to provide [ ] corroborating evidence proving that a common law marriage existed prior to her legal marriage to William Coleman. Accordingly, the undersigned Administrative Law Judge finds that claimant is not entitled to widow's benefits as she was not married to William Coleman for the required 10 year period.

## FINDINGS

After careful consideration of the entire record, the Administrative Law Judge makes the following findings:

1. Neller Johnson and William Coleman were legally divorced on February 24, 1969.

2. There is no proof that a common law marriage existed between Neller Johnson and William Coleman.

3. Neller Johnson is not entitled to divorced widow's benefits.

## DECISION

Based on the application filed on January 31, 2007, the claimant is not entitled to divorced widow's benefits, because she was not married to the deceased wage earner for 10 years.

(Tr. 27-29).

Johnson sought review of the ALJ's adverse decision with the Appeals Council. The Appeals Council will grant a request to review an ALJ's decision if any of the following circumstances are present: (1) it appears that the ALJ abused his discretion; (2) the ALJ made an error of law in

reaching his conclusion; (3) substantial evidence does not support the ALJ's actions, findings or conclusions; or (4) a broad policy issue may affect the public interest. 20 C.F.R. § 404.970; 20 C.F.R. § 416.1470. After considering Johnson's contentions in light of the applicable regulations and evidence, the Appeals Council, while adopting part of the ALJ's statements and findings as its own,[2] issued its own decision, concluding as follows:

> The Administrative Law Judge's decision found that the claimant legally divorced the deceased wage earner, William Coleman, Jr., on February 24, 1969 (Finding 1). Although the claimant married the insured in a ceremonial marriage on December 25, 1959, the decision found that no common-law marriage ever existed prior to this date (Finding 2). Accordingly, the claimant's application for surviving divorced spouse's benefits was denied.
>
> To be entitled to surviving divorced spouse's benefits on the work record of a deceased number holder, a claimant must have been married to him for at least 10 years immediately before the divorce became final (20 CFR 404.331(a)(2)).
>
> In Texas, a valid marriage can be established through a ceremony performed by a clergyman or other public official. Texas also recognizes common-law marriages. Tex. Fam. Code Ann. § 2.401; *Whaley v. Peat*, 377 S.W.2d 855, 857 (Tex. Civ. App. 1964, *writ refused no reversible error*). Once a Texas common-law marriage exists, Texas courts treat it with the same dignity as a ceremonial marriage and it may only terminate by death, divorce or annulment. *Claveria v. Claveria*, 615 S.W.2d 164, 165, 167 (Tex. 1981). The burden of proving the existence of a common-law marriage rests with the party seeking to establish the marriage by a preponderance of the evidence. *Welch v. State*, 908 S.W.2d 258, 165 (Tex. App. 1995).
>
> Under Section 2.401 of the Texas Family Code, in the absence of a Declaration of Informal Marriage, a claimant must prove three elements to establish a common-law marriage with the number-holder:

---

[2] The Appeals Council adopted "the Administrative Law Judge's statements regarding the pertinent provisions of the Social Security Act, Social Security Administration Regulations, Social Security Rulings and Acquiescence Rulings, the issues in the case, and the evidentiary facts, as applicable." The Appeals Council did not "adopt the Administrative Law Judge's findings or conclusions regarding whether the claimant was still married to John Johnson at the time of the hearing dated June 1, 2009." (Tr. 6-7).

- An agreement to be married; AND

- Representation to others that the couple was married; AND

- Cohabitation in Texas as husband and wife (Tex. Fam. Code Ann. § 2.401(a)).

In addition to the three elements outlined above, a claimant must show that she commenced a proceeding to prove her common-law marriage to the number holder within two years after the date the relationship ended, or else it will be rebuttably presumed that no common-law marriage existed (*Id.* at § 2.401(b)).

The claimant provided documentary evidence that she divorced William Coleman, Jr., on February 24, 1969 (Exhibit 11, p. 12) and that the two had been married by a minister on December 25, 1959 (Exhibit 11, p. 11). These documents fail to show that the claimant meets the 10-year period of marriage required for entitlement to surviving divorced spouse's benefits.

Although the claimant provided written statements from third parties in support of her allegations that she had been married to William Coleman, Jr., at common law since February 1959, these statements are not entirely consistent with the record. Moreover, the same individuals often make later statements contradicting earlier ones. For instance, Harold Kanida's "statement regarding marriage" made April 8, 2007, alleges the claimant lived with the insured as husband and wife from 1958 to 1966 (Exhibit 2, p. 8). However, in a statement dated April 26, 2011, Mr. Kanida states that the couple were not living together as early as 1965 (Exhibit AC-2). This uncertainty casts doubt on Mr. Kanida's recollection of earlier events. Further, these statements fail to rebut the evidence showing that the claimant and the deceased wage earner did not agree to be married at an earlier date than December 25, 1959.

Notwithstanding, the Administrative Law Judge's decision incorrectly states that the claimant was still married to John Johnson at the time of the hearing (Decision, p.2).

Pursuant to the Social Security Act's implementing regulations, a claimant is not entitled to surviving divorced spouse's benefits if she is currently married (20 CFR 404.331(c)).

The evidentiary record supports a finding that the claimant divorced John Johnson on November 12, 2004 (Exhibit 11, p. 17) and that she was not married to anyone from the date she filed the application for surviving divorced spouse's benefits through the date of the Administrative Law Judge's decision.

Nonetheless, these facts do not show that a common law marriage existed between the claimant and William Coleman, Jr., at a date earlier than December 25, 1959.

6

Consequently, the claimant is not entitled to surviving divorced spouse's benefits on the record of William Coleman, Jr.

### FINDINGS OF THE APPEALS COUNCIL

Upon consideration of the evidentiary record, the Appeals Council makes the following findings:

6. The claimant married William Coleman, Jr. in a ceremonial marriage on December 25, 1959.

7. The claimant divorced William Coleman, Jr., on February 24, 1969.

8. Thereupon, the claimant married John Johnson and the two divorced on November 12, 2004.

9. The claimant was not married to anyone from the date she filed the application for surviving divorced spouse's benefits through the date of the Administrative Law Judge's decision.

10. The claimant is not entitled to surviving divorced spouse's benefits on William Coleman, Jr.'s earnings record.

### DECISION

It is the decision of the Appeals Council that the claimant is not entitled to surviving divorced spouse's benefits on William Coleman, Jr.'s earnings record because she was not married to him for at least 10 years immediately before the divorce became final.

(Tr. 7-9). It is that decision of the Appeals Council, coupled with those parts of the ALJ's decision that the Appeals Council adopted, that constitutes the "final agency" decision. *Sims v. Apfel*, 530 U.S. 103, 106-107 (2000) ("SSA regulations provide that, if the Appeals Council grants review of a claim, then the decision that the Council issues is the Commissioner's final decision.").

Johnson now seeks review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g). The parties have filed cross motions for summary judgment (Document Nos. 13 & 15). The appeal is now ripe for ruling.

7

### III. Standard for Review of Agency Decision

The court's review of a denial of disability benefits is limited "to determining (1) whether substantial evidence supports the Commissioner's decision, and (2) whether the Commissioner's decision comports with relevant legal standards." *Jones v. Apfel*, 174 F.3d 692, 693 (5th Cir. 1999). Indeed, Title 42, Section 405(g) limits judicial review of the Commissioner's decision: "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." The Act specifically grants the district court the power to enter judgment, upon the pleadings and transcript, "affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing" when not supported by substantial evidence. 42 U.S.C. § 405(g). While it is incumbent upon the court to examine the record in its entirety to decide whether the decision is supportable, *Simmons v. Harris*, 602 F.2d 1233, 1236 (5th Cir. 1979), the court may not "reweigh the evidence in the record nor try the issues de novo, nor substitute [its] judgment for that of the [Commissioner] even if the evidence preponderates against the [Commissioner's] decision." *Johnson v. Bowen*, 864 F.2d 340, 343 (5th Cir. 1988); *Jones v. Apfel*, 174 F.3d 692, 693 (5th Cir. 1999); *Cook v. Heckler*, 750 F.2d 391 (5th Cir. 1985). Conflicts in the evidence are for the Commissioner to resolve. *Anthony v. Sullivan*, 954 F.2d 289, 295 (5th Cir. 1992).

The United States Supreme Court has defined "substantial evidence," as used in the Act, to be "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938). Substantial evidence is "more than a scintilla and less than a preponderance." *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993). The evidence must create

8

more than "a suspicion of the existence of the fact to be established, but no 'substantial evidence' will be found only where there is a 'conspicuous absence of credible choices' or 'no contrary medical evidence.'" *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983).

V.   **Discussion**

Johnson's entitlement to divorced widow's benefits under 42 U.S.C. § 402(e) is dependent upon whether she was married to William Coleman, Jr. for ten years. 42 U.S.C. § 416(d)(2) ("The term 'surviving divorced wife' means a woman divorced from an individual who has died, but only if she had been married to the individual for a period of 10 years immediately before the divorce became effective."); 20 C.F.R. § 404.336(a)(2) ("You were married to the insured for at least 10 years immediately before your divorce became final."). Given their legal divorce on February 24, 1969, Johnson would only be entitled to benefits if she and William Coleman were, or could have been considered, married on or before February 24, 1959.[3]

Johnson maintains that she and William Coleman were common-law married from February 1, 1959, until they were ceremonially married on December 25, 1959, and testified as to such at the hearing before the ALJ. (Tr. 128-131). She also offered affidavit/statement evidence from third parties to support her claim that she and William Coleman were common law married on or before February 1, 1959. (Tr. 37-40; 99-100). The Appeals Council discounted the affidavit/statement evidence provided by one of the third parties (Harold Kanida). As to Johnson's own testimony,

---

[3] Johnson argues that her divorce was not final until March 27, 1959, thirty days after the divorce decree was signed. TEX. R. CIV. P. 329b, which sets forth a 30 days deadline for filing motions for new trial or motions to modify, correct or reform judgment, generally supports Johnson's argument. However, for the reasons set forth herein, the date Johnson's divorce became final need not be decided in this appeal.

9

however, neither the ALJ nor the Appeals Council made any credibility determinations or rejected her testimony as incredible or inconsistent. All that was mentioned by the ALJ was that Johnson's testimony was not corroborated. (Tr. 28) ("Claimant has failed to provide [ ] corroborating evidence proving that a common law marriage existed prior to her legal marriage to William Coleman."). This statement, given the third party affidavits/statement, is inaccurate, and is based on a faulty legal premise that Johnson was required to provide other corroborating evidence.

20 C.F.R. § 404.726 sets forth as follows the type of evidence to be considered in connection with a claim of a common law marriage:

> (b) *Preferred evidence.* Preferred evidence of a common-law marriage is–
>
> (1) If both the husband and wife are alive, their signed statements and those of two blood relatives;
>
> (2) If either the husband or wife is dead, the signed statements of the one who is alive and those of two blood relatives of the deceased person; or
>
> (3) If both the husband and wife are dead, the signed statements of one blood relative of each;
>
> Note: All signed statements should show why the signer believes there was a marriage between the two persons. If a written statement cannot be gotten from a blood relative, one from another person can be used instead.
>
> (c) *Other evidence of common-law marriage.* If you cannot get preferred evidence of a common-law marriage, we will ask you to explain why and to give us other convincing evidence of the marriage. We may not ask you for statements from a blood relative or other person if we believe other evidence presented to us proves the common-law marriage.

Nowhere in § 404.726 is there any *requirement* of any additional "corroborating" evidence. Moreover, if the evidence submitted in support of a claim of a common law marriage is of the "preferred" type, as was the case herein with Johnson submitting affidavits/statements from her brother Harold R. Kanida (Tr. 39-40; 99-100), her daughter Deborah L. Sanders (Tr. 73-74), and a

long-time friend Marion Canady (Tr. 37-38), 20 C.F.R. § 404.709 instructs that such evidence is to generally be found "convincing." Here, the Appeals Council specifically found fault with the affidavit(s)/statement(s) of Harold Kanida, but made no mention at all of the affidavits/statements of Deborah Sanders and Marion Canady and did not either expressly accept or reject the affidavit/statement and testimony of Johnson.

As for the contents of William Coleman's 1997 early retirement application, in which he purportedly stated that "I was married to my first wife less than 10 years"(Tr. 47), Johnson is correct the contents of that application are not evidence because the application itself, and, consequently, the contents thereof, were not made part of the record. Indeed, it appears that William Coleman's 1997 early retirement application has been lost or destroyed. (Tr. 70, 75-77). And, the only mention of that application and the purported contents thereof, is contained in a "Notice of Reconsideration" decision issued by the Social Security Administration prior to Johnson's request for a hearing before an ALJ. (Tr. 47).

Evidence, for purposes of social security administrative proceedings "means any record, document, or signed statement that helps to show whether [the claimant is] eligible for benefits or whether [the claimant is] still entitled to benefits." 20 C.F.R. § 404.702. The "record " or "document" that would fall under this definition of "evidence" is William Coleman's 1997 early retirement application, an application which has been lost or destroyed. The "Notice of Reconsideration" in which Coleman's 1997 early retirement application is mentioned is not, in itself, a "record, document or signed statement that helps to show whether [the claimant is] eligible for benefits or whether [the claimant is] still entitled to benefits"; rather, the "Notice of Reconsideration" is an internal agency decision that may refer to evidence, but is not itself evidence.

11

Given the absence of William Coleman's 1997 early retirement application from the record, the main issues to be decided in this appeal are whether the Appeals Council improperly relied on information not in the record, and whether the Appeals Council's decision is supported by substantial evidence. Having considered the Appeals Council's written decision and its adoption of much of the ALJ's decision, it is clear that the Appeals Council did rely on information not in the record, and that its decision is, consequently, not supported by substantial evidence. As is evident from its written decision, the Appeals Council, like the ALJ, weighed the evidence as to the existence of a common law marriage, discounted Johnson's evidence, and relied on unspecified "evidence showing that the claimant and the deceased wage earner did not agree to be married at an earlier date than December 25, 1959." (Tr. 8). While it is not clear what "evidence" the Appeals Council relied on, the only "evidence" mentioned in the Appeals Council's decision is the ceremonial marriage on December 25, 1959. But, under Texas law, the existence of a ceremonial marriage, does not, by itself, disprove the existence of a prior common-law marriage. *Carty v. Thaler*, 584 F.3d 244, 260 (5th Cir. 2009) ("the intention to have a formal proceeding does not automatically disprove the existence of a common-law marriage" in Texas), *cert. denied*, 130 S.Ct. 2402 (2010); *Tompkins v. State*, 774 S.W.2d 195, 209 (Tex. Crim. App. 1987) ("The fact that they might have intended to go through a ceremonial marriage at sometime in the future does not necessarily negate the inference that they believed that they were married common law."). And, other than the purported contents of William Coleman's 1997 early retirement application, which is not in the record and which is not evidence within the meaning of 20 C.F.R. §§ 404.702; 404.726, there is nothing in the record to controvert Johnson's evidence that she and William Coleman agreed to move in together on or

before February 1, 1959, agreed to be married as of that date, and held themselves out as such. (Tr. 128-131).

Because the Appeals Council could not, in applying Texas law on common law marriage, rely exclusively on the existence of a ceremonial marriage in December 1959 to support its conclusion that Johnson and William Coleman were not married "for at least 10 years immediately before the divorce became final," and because there is *no* evidence to controvert the evidence offered by Johnson that she and William Coleman agreed to be married, co-habitated, and held themselves out as married on or before February 1, 1959, the Commissioner's decision is not supported by substantial evidence and must be remanded. Upon remand, the Commissioner shall reconsider its decision that Johnson and William Coleman, Jr. were not married for the requisite ten years, and articulate the evidence and/or evidentiary burdens upon which any such decision is based.

## VI.  Conclusion and Order

Based on the foregoing and the conclusions that the Appeals Council improperly relied on evidence not in the record for its determination that "the claimant and the deceased worker did not agree to be married at an earlier date than December 25, 1959," and that substantial evidence does not support the Commissioner's decision that Neller J. Johnson is not entitled to divorced widow's benefits because she was not married to William Coleman, Jr. "for at least 10 years," it is

ORDERED that Plaintiff's Motion for Summary Judgment (Document No. 13) is GRANTED, Defendant's Motion for Summary Judgment (Document No. 15) is DENIED, and this

matter is REMANDED to the Commissioner pursuant to sentence four, 42 U.S.C. 405g, for further proceedings consistent with this Memorandum and Order.

Signed at Houston, Texas, this 15th day of August, 2012.

FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE